UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WILLIAM RICHARDSON

    Plaintiff,

v.                                Case No. 8:20-cv-1107-AEP

KILOLO KIJAKAZI,
Acting Commissioner of Social Security,[1]

    Defendant.
_____/

**ORDER**

Plaintiff seeks judicial review of the denial of his claim for a period of disability and disability insurance benefits ("DIB"). As the Administrative Law Judge's ("ALJ") decision was based on substantial evidence and employed proper legal standards, the Commissioner's decision is affirmed.

**I.**

**A.**     **Procedural Background**

Plaintiff filed an application for a period of disability and DIB (Tr. 174-80). The Social Security Administration ("SSA") denied Plaintiff's claims both initially and upon reconsideration (Tr. 85-96, 99-111). Plaintiff then requested an

---

[1] Kilolo Kijakazi is now the Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Acting Commissioner Kilolo Kijakazi should be substituted for Commissioner Andrew M. Saul as the defendant in this matter. No further action needs to be taken to continue this matter by reason of the last sentence of section 205(g) of the Social Security Act. 42 U.S.C. § 405(g).

administrative hearing (Tr. 114-17). Per Plaintiff's request, the ALJ held a hearing at which Plaintiff appeared and testified (Tr. 30-62). Following the hearing, the ALJ issued an unfavorable decision finding Plaintiff not disabled and accordingly denied Plaintiff's claims for benefits (Tr. 8-29). Subsequently, Plaintiff requested review from the Appeals Council, which the Appeals Council denied (Tr. 1-6). Plaintiff then timely filed a complaint with this Court (Doc. 1). The case is now ripe for review under 42 U.S.C. §§ 405(g), 1383(c)(3).

### B.     Factual Background and the ALJ's Decision

Plaintiff, who was born in 1966, claimed disability beginning August 6, 2016 (Tr. 34, 174). Plaintiff obtained a college education (including a master's in criminal justice and business administration) (Tr. 37). Plaintiff's past relevant work experience included work as a probation and parole officer, correction officer, and security guard (Tr. 57, 208). Plaintiff alleged disability due to spinal back injury and nerves in left arm and leg (Tr. 85-86).

In rendering the administrative decision, the ALJ concluded that Plaintiff met the insured status requirements through December 31, 2018 and had not engaged in substantial gainful activity since August 6, 2016, the alleged onset date, through the date last insured, December 31, 2018 (Tr. 13). After conducting a hearing and reviewing the evidence of record, the ALJ determined Plaintiff had the following severe impairments: spinal stenosis, radiculopathy, bilateral carpal tunnel

syndrome, allergic rhinitis, and migraine headaches (Tr. 13).[2] The ALJ also determined Plaintiff's medically determinable impairment of anxiety was nonsevere (Tr. 14-15). Notwithstanding the noted impairments, the ALJ determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Tr. 15-16). The ALJ then concluded that Plaintiff retained a residual functional capacity ("RFC") to perform light work except he could occasionally push, pull, and operate foot controls with the left lower extremity; occasionally stoop, kneel, crouch, and climb ramp and stairs; never crawl, or climb ladders, ropes, or scaffolds; avoid concentrated exposure to cold and pulmonary irritants; have no exposure to hazards; frequently reach, handle, finger, and feel with the non-dominant left hand; and occasionally reach overhead bilaterally (Tr. 16-17). In formulating Plaintiff's RFC, the ALJ considered Plaintiff's subjective complaints and determined that, although the evidence established the presence of underlying impairments that reasonably could be expected to produce the symptoms alleged, Plaintiff's statements as to the intensity, persistence, and limiting effects of his symptoms were not entirely consistent with the medical evidence and other evidence (Tr. 17-23).

Considering Plaintiff's noted impairments and the assessment of a vocational expert ("VE"), however, the ALJ determined Plaintiff could perform his past relevant work as a security guard (Tr. 23). Even though the ALJ found Plaintiff

---

[2] The ALJ also found Plaintiff's two other physical impairments, thalassemia and gastroesophageal reflux disease, as non-severe (Tr. 14).

could perform his past relevant work, the ALJ still asked the VE about other jobs existing in the national economy (Tr. 23). Given Plaintiff's background and RFC, the VE testified that Plaintiff could perform other jobs existing in significant numbers in the national economy, such as an usher, a furniture rental consultant, and a counter clerk (Tr. 24). Accordingly, based on Plaintiff's age, education, work experience, RFC, and the testimony of the VE, the ALJ found Plaintiff not disabled (Tr. 24-25).

## II.

To be entitled to benefits, a claimant must be disabled, meaning the claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A). "[A] physical or mental impairment is an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3).

The Social Security Administration, in order to regularize the adjudicative process, promulgated the detailed regulations currently in effect. These regulations establish a "sequential evaluation process" to determine whether a claimant is disabled. 20 C.F.R. § 404.1520. If an individual is found disabled at any point in the sequential review, further inquiry is unnecessary. 20 C.F.R. § 404.1520(a). Under this process, the ALJ must determine, in sequence, the following: whether

the claimant is currently engaged in substantial gainful activity; whether the claimant has a severe impairment, *i.e.*, one that significantly limits the ability to perform work-related functions; whether the severe impairment meets or equals the medical criteria of 20 C.F.R. Part 404, Subpart P, Appendix 1; and whether the claimant can perform his or her past relevant work. 20 C.F.R. § 404.1520(a)(4). If the claimant cannot perform the tasks required of his or her prior work, step five of the evaluation requires the ALJ to decide if the claimant can do other work in the national economy in view of his or her age, education, and work experience. 20 C.F.R. § 404.1520(a)(4)(v). A claimant is entitled to benefits only if unable to perform other work. *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987); 20 C.F.R. § 404.1520(g)(1).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence and comports with applicable legal standards. *See* 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938) (internal quotation marks omitted)); *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996). While the court reviews the Commissioner's decision with deference to the factual findings, no such deference is given to the legal conclusions. *Ingram v. Comm'r of Soc. Sec.*, 496 F.3d 1253, 1260 (11th Cir. 2007) (citations omitted).

In reviewing the Commissioner's decision, the court may not re-weigh the evidence or substitute its own judgment for that of the ALJ even if it finds that the evidence preponderates against the ALJ's decision. *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158-59 (11th Cir. 2004) (citation omitted). The Commissioner's failure to apply the correct law, or to give the reviewing court sufficient reasoning for determining that he or she has conducted the proper legal analysis, mandates reversal. *Ingram*, 496 F.3d at 1260 (citation omitted). The scope of review is thus limited to determining whether the findings of the Commissioner are supported by substantial evidence and whether the correct legal standards were applied. 42 U.S.C. § 405(g); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002) (per curiam) (citations omitted).

### III.

Plaintiff argues that the ALJ erred by failing to adequately address how Plaintiff's complaints of pain affected his ability to concentrate and focus. Specifically, Plaintiff contends the ALJ did not properly evaluate Plaintiff's treating physician's opinion and the ALJ improperly discounted his subjective complaints. For the following reasons, the ALJ applied the correct legal standards and the ALJ's decision is supported by substantial evidence.

**A.  Medical Opinion**

Plaintiff contends that the ALJ failed to properly evaluate the opinion of Dr. Eugenia Glaros, Plaintiff's treating physician.

In September 2017, Dr. Glaros completed an RFC Questionnaire for SSA (Tr. 458-61). Although most of the RFC Questionnaire focuses on Plaintiff's physical impairments,[3] Dr. Glaros found that Plaintiff's pain would constantly interfere with attention and concentration at work and that stress worsens Plaintiff's symptoms (Tr. 458). Dr. Glaros noted Plaintiff would be incapable of even "low stress" jobs because Plaintiff's chronic pain and significant changes in physical capacity cause him increased stress and frustration (Tr. 458). Dr. Glaros concluded that Plaintiff's physical impairments that limit his mobility and functional capacity cause depression or chronic anxiety (Tr. 458). Dr. Glaros noted emotional factors contributed to the severity of Plaintiff's subjective complaints and functional limitations (Tr. 458).

In considering Dr. Glaros's opinion, the ALJ found the opinion not persuasive because the supporting statement is vague and without specific references (Tr. 15). The ALJ also determined that Dr. Glaros's opinion was not consistent with the objective evidence that shows Plaintiff has normal mental functioning, including Dr. Glaros's own records (Tr. 15).

Because Plaintiff applied for DIB on August 11, 2017 (Tr. 174-80) the new SSA regulations apply to how the ALJ considers and articulates medical opinions. *See* 20 C.F.R. § 404.1520c; *see also Simon v. Comm'r of Soc. Sec.*, No. 19-14682, 2021

---

[3] Plaintiff does not argue the ALJ improperly evaluated Dr. Glaros's opinion about his physical impairments. Thus, this issue is waived. *See Outlaw v. Barnhart*, 197 F. App'x 825, 828 n.3 (11th Cir. 2006) (noting that an issue was waived because the claimant did not elaborate on the claim or provide citation to authority about the claim).

WL 3556433, at *7 n.4 (11th Cir. Aug. 12, 2021) (indicating that 20 C.F.R. § 404.1527 only applies to disability claims filed before March 27, 2017, and claims filed after that date are governed by 20 C.F.R. § 404.1520c, which prescribes a somewhat different framework for evaluating medical opinions).

Under the new regulations, the ALJ must still articulate how he or she considered the medical opinions in rendering the decision. 20 C.F.R. § 404.1520c(a). Pursuant to 20 C.F.R. § 404.1520c, however, an ALJ "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative finding(s), including those from [a claimant's] medical sources." 20 C.F.R. § 404.1520c(a). Rather, an ALJ should consider a medical opinion based on the following factors, as appropriate: supportability, consistency, relationship with the claimant, and specialization, as well as any other relevant factors. 20 C.F.R. § 404.1520c(a) & (c). The most important factors an ALJ will consider in evaluating the persuasiveness of a medical opinion are supportability and consistency. 20 C.F.R. § 404.1520c(a) & (b)(2). For example, the more relevant the objective medical evidence and supporting explanation provide by a medical source to support his or her medical opinion, the more persuasive the medical opinion will be. 20 C.F.R. § 404.1520c(c)(1). Likewise, the more consistent a medical opinion is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion will be. 20 C.F.R. § 404.1520c(c)(2).

Here, the ALJ appropriately considered Dr. Glaros's treatment notes and assessed Dr. Glaros's opinion under the new regulation (Tr. 15, 22-23). As noted, the ALJ stated that, given the inconsistency with the objective evidence of the record, including Dr. Glaros's own treatment motes, the ALJ found Dr. Glaros's opinion not persuasive (Tr. 15). For example, at appointments with Dr. Glaros, Plaintiff was alert, oriented to time, place, and place, cooperative, and had normal insight, normal judgment, and normal speech (Tr. 350, 366, 417, 435-36, 464-65, 521-22, 535-36, 544-45, 556-57). At those same appointments with Dr. Glaros, Plaintiff also denied anxiety, nervousness and denied any memory loss or confusion (Tr. 349, 365, 416, 435, 463, 520-21, 534, 543-44, 555-56).

Although Plaintiff's medical records note a diagnosis of unspecified anxiety disorder, the objective findings show normal mental functioning and provide no recommendations on seeking mental health treatment. For example, in January 2016, Plaintiff had no mental health complaints, and the objective findings showed Plaintiff was in no acute distress, alert, normal affect, and normal mood (Tr. 484-87). In May 2016, the doctor noted that Plaintiff appeared to be in no acute distress, and Plaintiff denied feelings of depression or anxiety and no memory loss (Tr. 490-91). At an August 2016 appointment, Plaintiff noted no anxiety, and the doctor found Plaintiff was alert, in no acute distress, had normal affect, appearance, and mood, and no decreased eye contact (Tr. 507-08). At a September 2016 appointment, although the doctor noted Plaintiff was anxious, Plaintiff denied any anxiety or depression, and the doctor noted Plaintiff had appropriate mood and

affect and was properly oriented to time, place, and situation (Tr. 290-95). At a September 2017 consultive exam, the doctor noted Plaintiff was in no acute distress, was alert and properly oriented, had clear and understanding speech, and had appropriate mood and appearance (Tr. 450-51). At other various appointments in 2017 and 2018, doctors noted Plaintiff was alert, cooperative, normal affect, properly oriented, and not in acute distress (*See* Tr. 514, 564, 575, 609).

The ALJ also found Dr. Glaros's opinion about Plaintiff's supporting statements to be vague and without references to medical opinions. For example, Dr. Glaros checked that Plaintiff's pain would constantly interfere with his concentration and attention, but Dr. Glaros provides no more information to support that assertion. Despite that assertion, Dr. Glaros's treatment notes showed normal mental functioning despite Plaintiff noted to be in physical pain at those visits (*See* Tr. 349-50, 365-66, 435-36, 463-65, 520-22, 534-36, 543-45, 555-57).

Plaintiff also contends the ALJ should have addressed Dr. Glaros's opinion about concentration deficits. Even though the ALJ does not need to address every finding set forth by a medical source, the ALJ here did address Dr. Glaro's opinion about Plaintiff's nonexertional limitations and found them lacking in supportability and consistency. *See Adams v. Comm'r, Soc. Sec. Admin.*, 586 F. App'x 531, 534 (11th Cir. 2014) (citation omitted) (finding that the ALJ did not err by failing to specifically address a medical source's opinion regarding various limitations, as the ALJ's decision made clear that the ALJ considered both the medical source's opinion and the plaintiff's medical condition as a whole).

Given the inconsistencies with the record and the vague statements within Dr. Glaros's opinion, the ALJ appropriately found Dr. Glaros's opinion not persuasive. Under the new regulation, the ALJ applied the proper legal standard, and the decision is supported by substantial evidence.

### B.      Subjective Complaints

Plaintiff contends that the ALJ erred by rejecting his subjective complaints of pain that impairs his concentration and focus.[4] As an initial matter, Plaintiff's subjective complaints will not alone establish disability. 20 C.F.R. § 404.1529(a). Plaintiff has the burden of providing sufficient evidence to support allegations of disabling pain or other symptoms. 20 C.F.R. § 404.1529(a).

To establish a disability based on testimony of pain and other symptoms, the claimant must show evidence of an underlying medical condition and either (1) objective medical evidence confirming the severity of the alleged symptoms or (2) that the objectively determined medical condition can reasonably be expected to give rise to the alleged symptoms. *Wilson*, 284 F.3d at 1225 (citing *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991)); *see also* 20 C.F.R. § 404.1529; SSR 16-3p, 2017 WL 5180304 (Oct. 25, 2017). If a claimant shows an underlying mental or physical impairment that could reasonably expected to produce the alleged subjective complaints, the ALJ "must evaluate the intensity and persistence" of

---

[4] Because Plaintiff's argument centers on how Plaintiff's pain affects his mental functioning in concentrating and focusing, Plaintiff does not argue the ALJ erred in evaluating his subjective complaints as it relates to his physical impairments. Thus, this issue is waived. *Outlaw v. Barnhart*, 197 F. App'x at 828 n.3

those symptoms affect the claimant's ability to do work. 20 C.F.R. § 404.1529(c). In considering a claimant's subjective complaints, the ALJ may consider whether any inconsistencies exist in the evidence and the extent to which any conflicts exist between a claimant's statements and the rest of the evidence. 20 C.F.R. § 404.1529(c)(4).

If the ALJ discounts Plaintiff's testimony about subjective complaints after finding a medically determinable impairment that could reasonably be expected to produce the claimant's pain or other symptoms, he must "articulate explicit and adequate reasons" for doing so. *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (per curiam) (quoting *Foote v. Chater*, 67 F.3d 1553, 1561-62 (11th Cir. 1995) (per curiam)). The reasons given for discrediting pain testimony must be based on substantial evidence. *Marbury v. Sullivan*, 957 F.2d 837, 839 (11th Cir. 1992) (per curiam).

The ALJ sufficiently articulated reasons for rejecting Plaintiff's subjective complaint on how pain affects his concentration and focus. The ALJ determined Plaintiff's testimony about his symptoms were not entirely consistent with the medical evidence and other evidence in the record. At the hearing, Plaintiff testified that the pain from his neck and lower back affect his ability to remember things and maintain attention, concentration, and focus (Tr. 47). Specifically, Plaintiff explained that he forgets to do things and his wife needs to remind him (Tr. 48).

As discussed above, the medical evidence does not support Plaintiff's testimony that his pain affects his concentration and focus. Plaintiff's medical

12

records contain normal objective findings about his mental functioning, and Plaintiff often denied any mental health issues (*See* Tr. 290-95, 349-50, 365-66, 435-36, 450-51, 463-65, 484-87, 490-91, 507-08, 514, 520-22, 534-36, 543-45, 555-57, 564, 575, 609).

The ALJ also considered other evidence including the "Function Report" completed by Plaintiff (Tr. 14, 218-25). In the Function Report, Plaintiff stated that he does not need any special reminders to take care of his personal needs and grooming or to take medication (Tr. 220). Plaintiff explained that he does prepare quick meals and helps with some housework such as dishes (Tr. 220). Plaintiff stated that he does not need to be reminded to go places (Tr. 223). Despite noting he can only pay attention for twenty minutes, he stated he can finish what he started such as reading, watching a movie, and conversations (Tr. 223).

The ALJ articulated explicit and adequate reasons for finding Plaintiff's subjective complaints of pain affecting his concentration and focus as not entirely consistent with the record. Thus, the ALJ applied the proper legal standard, and the decision is supported by substantial evidence.

## IV.

Accordingly, after consideration, it is hereby

ORDERED:

1. The decision of the Commissioner is affirmed.

2. The Clerk is directed to enter final judgment in favor of the Commissioner and close the case.

DONE AND ORDERED in Tampa, Florida, on this 31st day of August 2021.

_____
ANTHONY E. PORCELLI
United States Magistrate Judge

cc: Counsel of Record